UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2013 SEP 19 P 2: 08

DEBRA P. HACKETT CLK
MIDDLE DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.** | Case No. 3:13-cv-709-WHA |
| Plaintiff, | |
| | **COMPLAINT FOR DAMAGES** |
| vs. | |
| Sergio Chavez individually d/b/a El Vaquero | **DESIGNATION: PROPERTY RIGHTS** |
| Defendants. | |

## JURISDICTION

1.    Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.    This Court has personal jurisdiction over the parties in this action as a result of the Defendant's wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendant's wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Alabama.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Alabama, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, J & J Sport Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Ste 200 Campbell, Ca 95008.

6. Plaintiff is informed and believes, and alleges thereon that defendant Sergio Chavez individually d/b/a El Vaquero at 1839 Stadium Drive Phenix City, Al 36867

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

9. The Plaintiff adopts, realleges and incorporates the allegations contained in preceding paragraphs as if full set forth herein.

10. By contract, Plaintiff paid for and was thereafter granted the exclusive nationwide television distribution rights to *Star Power Mayweather v. Ortiz Championship Fight which took pl*ace on September 17, 2011, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program")

11. Pursuant to contract, Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Alabama, by which it granted these entities limited sublicensing rights, specifically the

rights to publicly exhibit the "Program" to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

12. As a commercial distributor of sporting events, including the "Program", Plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the "Program" to its customers, the aforementioned commercial entities.

13. With full knowledge that the "Program" was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the "Program" at the time of its transmission at their Russell County, Alabama location. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

16. By reason of the defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff, has the private right of action pursuant to Title 47 U.S.C. Section 605.

17. As the result of the aforementioned defendant's violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

(b) he recovery of full costs, including reasonable attorneys fees,

pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
### (Violation of Title 47 U.S.C. Section 553)

18. The Plaintiff adopts, realleges and incorporates the allegations contained in preceding paragraphs as if full set forth herein.

19. The unauthorized interception, exhibition, publication, and divulgence of the "Program" by the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

21. By reason of the defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff has the private right of action pursuant to Title 47 U.S.C. Section 553.

22. As the result of the aforementioned defendant's violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff, is entitled to the following from each defendant:

   (a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2), and also

   (b) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

   (c) in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### COUNT III
### (Conversion)

23. The Plaintiff adopts, realleges and incorporates the allegations contained in preceding paragraphs as if full set forth herein.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the "Program" at the above-captioned address, the aforementioned defendants, tortuously obtained possession of the "Program" and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of the defendants were willful, malicious, and intentionally designed to harm Plaintiff and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff is entitled to both compensatory, as well as punitive damages, from aforementioned defendant as the result of the defendant's egregious conduct and conversion.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against defendants, and each of them, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendants, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against defendants, and each of them and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

                Respectfully submitted,

                _____
                K. Brandon Strickland
                Attorney for the Plaintiff
                Po Box 1436
                chatom, AL 36518
                Brandon@stricklandlegal.com
                251-895-1900